Deborah MERCURIO etc., Plaintiff,

v.

NISSAN MOTOR CORPORATION
in USA, et al., Defendant.

No. 3:97CV7067.

United States District Court,
N.D. Ohio,
Western Division.

Jan. 28, 2000.

Robert M. Scott, Williams, Jilek, Lafferty, Gallagher & Scott, Toledo, OH, William F. Mills, Scott R. Melton, Gruel, Mills, Nims & Pylman, Grand Rapids, MI, for Deborah Mercurio, Legal Guardian of an Incompetent Person, Roy J Mercurio, III, plaintiff.

Michael Hiram Carpenter, Timothy R. Bricker, Zeiger & Carpenter, Columbus, OH, for Nissan Motor Corporation in U.S.A., Nissan Motor Company, Ltd, defendants.

## ORDER

KATZ, District Judge.

This matter is before the Court on Plaintiff's motion *in limine* to exclude any reference to Roy J. Mercurio's consumption of alcohol on the night of his automobile accident. On January 27, 2000, the Court directed Plaintiff to file a reply to Defendants' opposition on or before January 31, 2000. For the following reasons, and in light of the proximity of the trial date, the Court finds that it is not necessary for Plaintiff to file a reply brief. Plaintiff's motion will be granted, subject to the rulings contained in this opinion.

### BACKGROUND

Mercurio drove his Nissan Altima into a tree at 3:00 a.m. on November 19, 1994, at a speed of between thirty and forty miles per hour. When the automobile struck the tree, the passenger compartment collapsed, and Mercurio suffered a severe closed head injury. His blood alcohol content was at least .18% at the time of the accident.

Plaintiff brought this product liability action against the automobile's manufacturer, claiming that the automobile was not crashworthy. She argues that the cause of the accident is irrelevant to her claim that the vehicle was not crashworthy, primarily because this is not a negligence claim.

Defendants have filed opposition to that motion. They offer a number of arguments in favor of admitting evidence of Mercurio's intoxication. The Court discusses those arguments below.

### DISCUSSION

#### A. Locus of Secondary Collision

First, Defendants argue that evidence of Mercurio's intoxication is necessary to rebut Plaintiff's theory that Mercurio's head struck the Altima's headliner next to the dome light—not, as Defendants argue, the left front of the passenger compartment.

Almost any injury-causing vehicle accident involves two collisions: first, the vehicle's collision with the object it strikes; and second, the passenger's collision with the interior of the vehicle. The parties to this case dispute the locus of the secondary collision that caused Mercurio's head injury. Plaintiff claims that immediately before the impact with the tree, Mercurio threw himself to the right, away from the point of impact, and that the Altima's floor buckled and threw him upwards into the roof of the passenger compartment. Defendants claim that Mercurio's head struck the left front of the passenger compartment.

If Mercurio's head struck the left front of the passenger compartment, as Defendants claim, Plaintiff's product liability claim must fail. In order for Plaintiff's product liability claim to remain viable, she must demonstrate that Mercurio moved to the right immediately before impact. Defendants argue that evidence of Mercurio's intoxication is relevant to show that Mercurio would not have been able to react to the imminent collision by throwing his body to the right in the split second before the collision.

Evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is presumptively admissible in federal court.

Fed.R.Evid. 401 & 402. In this case, the evidence of Mercurio's blood alcohol content undoubtedly makes it less likely that Mercurio would have been sufficiently in command of his faculties to throw himself to the center of the car immediately before he ran into the tree. However, that circumstance must be balanced against the rule that otherwise admissible evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403.

In this case, the danger of unfair prejudice is substantial. There is a significant risk that a jury could misuse the evidence by deciding that an intoxicated driver is not "deserving" of relief. Against that risk the Court must weigh the probative value of the disputed evidence. The probative value of the evidence that Mercurio was intoxicated at the time of the accident is not great compared with the other evidence Defendants intend to present in support of their theory that Mercurio struck the left front of the passenger compartment—i.e., the laws of inertia and the existence of other significant injuries on the left side of Mercurio's body. In light of the other evidence available to Defendants and the significant risk that the jury might misuse the evidence, the Court finds that the marginal probative value of evidence regarding Mercurio's blood alcohol content is substantially outweighed by the danger of unfair prejudice. That evidence is not admissible under the theory that it is needed to rebut Plaintiff's arguments concerning the locus of the secondary collision that caused Mercurio's head injury.

*B.   Unforeseeable Misuse of the Vehicle*

Second, Defendants argue that evidence of Mercurio's blood alcohol content is admissible to show that Mercurio engaged in unforeseeable misuse of the Nissan Altima by colliding with the tree. Unforeseeable misuse of a product is a defense to a strict products liability action. *Bowling v. Heil,* 31 Ohio St.3d 277, 282,

511 N.E.2d 373 (1987). However, although the intended purpose of automobiles is not to participate in collisions, it is foreseeable that collisions do occur, and an automobile manufacturer is under an obligation under Ohio law to use reasonable care in the design of its vehicle to avoid subjecting the user to an unreasonable risk of injury in the event of a collision. *Leichtamer v. American Motors Corp.,* 424 N.E.2d 568, 575–76, 67 Ohio St.2d 456, 465 (1981); *Kitchens v. McKay,* 528 N.E.2d 603, 606, 38 Ohio App.3d 165, 169 (1987). The fact that a collision may have been caused by the driver's intoxication, as opposed to another form of negligence, does not reduce the manufacturer's duty to provide a reasonably safe vehicle. The Court is reminded of the old adage that "[a] drunken man is as much entitled to a safe street as a sober one, and much more in need of it." *Robinson v. Pioche, Bayerque & Co.,* 5 Cal. 460, 461 (1855).

Regardless of the *cause* of Mercurio's accident, the *type* of accident that is at issue in this case—a frontal collision with a stationary object at thirty to forty miles per hour—is foreseeable. Evidence of Mercurio's blood alcohol content is not admissible under the theory that it demonstrates unforeseeable misuse of the subject vehicle.

*C.   Assumption of the Risk*

Third, Defendants argue that by driving under the influence of alcohol, Mercurio assumed the risk of whatever injuries he suffered. Assumption of the risk is a defense to a products liability action. Ohio Rev.Code § 2315.20. A plaintiff assumes the risk of an unreasonably dangerous condition when (1) he knows of the condition; (2) the condition is patently dangerous; and (3) he voluntarily exposes himself to the condition. *Carrell v. Allied Prods. Corp.,* 78 Ohio St.3d 284, 289, 677 N.E.2d 795, 800 (1997).

Assumption of the risk has no relevance to the case at bar. The dangerous

condition for which Plaintiff seeks recovery is the alleged uncrashworthiness of the Nissan Altima—not the risk of an accident generally. No allegation has been made that Mercurio knew that the vehicle's subfloor posed a risk of buckling. No allegation has been made that the Altima's subfloor was patently dangerous. No allegation has been made that Mercurio voluntarily exposed himself to the condition of driving in a vehicle that was not crashworthy. On these facts, the defense of assumption of the risk is unavailable to Defendants as a matter of law. Evidence of Mercurio's blood alcohol content is not admissible under a theory that it tends to show assumption of the risk.

## D. Evidence as to Extent of Mercurio's Injuries

■ Fourth, Defendants argue that evidence of Mercurio's blood alcohol content should be admitted to show that Mercurio's injuries were more severe than they would have been if he had not had alcohol in his system. Defendants wish to introduce testimony from their expert witness, psychologist Herbert Moskowitz, to the effect that alcohol use enhances central nervous system injuries by reducing cardiac output, increasing susceptibility to hemorrhagic shock, and increasing pulmonary vascular resistance.

Plaintiff opposes the use of such evidence on two grounds. First, she argues that Dr. Moskowitz cannot qualify as an expert in this area, because he is a psychologist without any formal medical education or training. Second, she argues that the published studies upon which Dr. Moskowitz bases his opinion are too inconclusive to pass the test of admissibility established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–95, 113 S.Ct. 2786, 2796–97, 125 L.Ed.2d 469 (1993), and its progeny.

■ A witness may give expert testimony only if he is "qualified as an expert by knowledge, skill, experience, training, or education" in the relevant subject area.

Fed.R.Evid. 702. Defendants have provided this Court with no evidence tending to show that Dr. Moskowitz is "qualified as an expert by knowledge, skill, experience, training, or education" in the areas of pharmacology, physiology or toxicology. They have filed neither Dr. Moskowitz's curriculum vita, nor his deposition, nor an affidavit or any other evidentiary material from which this Court can determine that Dr. Moskowitz qualifies an expert. In the complete absence of evidence to the contrary, this Court must hold that Dr. Moskowitz is not qualified to render an expert opinion about the effect of alcohol use on central nervous system injuries.

Of course, if Defendants can demonstrate at a *Daubert* hearing before or during trial both that Dr. Moskowitz is qualified to testify as an expert on the subject matter in issue and that his conclusion that alcohol use enhances central nervous system injuries is undergirded by scientifically valid reasoning, the evidence of Mercurio's intoxication will be admissible for the limited purpose of determining Mercurio's damages. In the event that such testimony is allowed, the Court will, of course, give the jury an appropriate limiting instruction.

It is impossible to predict at this juncture, in the almost complete lack of evidence concerning Dr. Moskowitz's qualifications, whether Dr. Moskowitz will be able to qualify as an expert. But a few general observations are in order. First, Dr. Moskowitz can qualify as an expert only if he has "knowledge, skill, experience, training, or education" in a relevant subject matter area, such as medicine, pharmacology, physiology or toxicology, that would give him *personal expertise* on the effects of alcohol on the human body. The fact that Dr. Moskowitz has a Ph.D. in an unrelated field—psychology—does not render him an expert in the subject area. The fact that Dr. Moskowitz has reviewed a significant number of articles discussing the effects of alcohol on central nervous system injuries does not, in the absence of

evidence tending to show personal expertise in the area, render Dr. Moskowitz anything other than an educated lay witness who has read a few articles on the subject. The fact that Dr. Moskowitz works for an agency that conducts research on behalf of the National Highway Traffic Safety Administration and peer reviews articles for the American Association of Medicine and the Journal of Accident Analysis and Prevention is relevant only if he can point to some specific aspect of those experiences that has given him personal "knowledge, skill, experience, training, or education" on the effects of alcohol on the human body that a lay witness would not have.

Similarly, it is impossible to predict at this juncture whether the methodology underlying Dr. Moskowitz's conclusions will pass muster under *Daubert.* Any proposed expert testimony must be supported by appropriate validation. *Daubert,* 509 U.S. at 590, 113 S.Ct. at 2795. In determining the admissibility of expert testimony, the Court assesses factors such as whether a theory can be tested; whether it has been subjected to peer review and publication; whether there is a high known or potential rate of error; and whether the theory enjoys general acceptance within the relevant scientific community. *Id.* at 592–94, 113 S.Ct. at 2796–97. In addition, opinions based on otherwise inadmissible hearsay, such as the articles upon which Dr. Moskowitz relies, are admissible only if the information is "of a type reasonably relied upon by experts in the particular field." Fed.R.Evid. 703.

At this point in the proceedings—and admittedly on minimal briefing—it appears that Dr. Moskowitz will do little more than regurgitate the conclusions of several journal articles he has read. If that is all Dr. Moskowitz intends to do, it will not pass muster under Daubert. Of course, Defendants are free to demonstrate Dr. Moskowitz's qualifications at a Daubert hearing if they believe they can do so. The Court only holds that it does not appear, at this juncture, that Dr. Moskowitz's testimony will be admissible.

*E. Evidence Regarding Mercurio's Future Damages*

Finally, Defendants argue that evidence of Mercurio's alcohol use is relevant to show that Mercurio's future damages in the form of lost wages are lower than Plaintiff claims. Specifically, Defendants argue that Mercurio was a heavy drinker who had lost one job for poor performance, and that Mercurio's drinking habits were not conducive to good work habits or work attendance.

Defendants are correct that evidence that Mercurio was a heavy drinker is both relevant and admissible on the issues of Mercurio's future employability and his life expectancy. Evidence that Mercurio was intoxicated on the night of the accident, however, is relevant to neither. Therefore, evidence of Mercurio's blood alcohol content is not admissible under the theory that it is relevant to limiting his claim for future damages.

### Conclusion

For the foregoing reasons, Plaintiff's motion *in limine* is granted.

IT IS SO ORDERED.